IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MARIA PETER, et al.,**

    Plaintiffs,

v.

**SUSAN DIANE WOJCICKI, et al.,**

    Defendants.

Case No. 21-4096-DDC-TJJ

## MEMORANDUM AND ORDER

Pro se[1] plaintiffs Maria Peter, Michael Peter, Julika Berger, and Jarolin Berger filed this action, asserting negligence claims against Susan Diane Wojcicki, William Henry Gates, Stéphane Bancel, and Albert Bourla. *See* Doc. 1 at 1. Plaintiffs sought to commence this action without prepayment of fees—*i.e.*, to proceed in forma pauperis under 28 U.S.C. § 1915—but only plaintiff Maria Peter filed a financial affidavit. *See* Doc. 3. The in forma pauperis statute requires each plaintiff to submit an affidavit. *See* 28 U.S.C. § 1915(a) ("[A]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees of security . . . by a person who submits an affidavit[.]"). United States Magistrate Judge Teresa J. James thus ordered the other plaintiffs, *i.e.*, all but Ms. Peter, to file a financial affidavit or pay the full filing fee by February 11, 2022. Doc. 5.

But the plaintiffs failed to conform to Judge James's ruling. So, on February 28, 2022, Judge James issued a Report and Recommendation (Doc. 7). It recommends that the district

---

[1] Plaintiffs proceed pro se. The court construes their filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for pro se litigants. *Hall*, 935 F.2d at 1110.

court dismiss plaintiffs' Complaint and deny plaintiff Maria Peter's Motion to Proceed Without Prepayment of Fees as moot because plaintiffs failed to provide the necessary information for all of them to proceed in forma pauperis and failed to pay the filing fee.  Doc. 7 at 2.

Plaintiffs received an opportunity to dispute Judge James's recommendation.  The Report and Recommendation explained (1) that plaintiffs may file a written objection to it within 14 days after plaintiffs were served with a copy consistent with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), and (2) that if plaintiffs failed to object within that deadline, then "no appellate review will be allowed by any court."  Doc. 7 at 1.  The Clerk sent a copy of the Report and Recommendation to each plaintiff by regular mail, using the addresses plaintiffs had provided to the court.  Two of the four mailings were returned as undeliverable.  Doc. 6.  Service of the Report and Recommendation was accomplished by "mailing it to [plaintiff's] last known address—in which event service [was] completed upon mailing."  Fed. R. Civ. P. 5(b)(2)(C); *ReVoal v. Brownback*, No. 14-4076, 2014 WL 5321093, at *1 (D. Kan. Oct. 16, 2014).  "Mailing" occurred on February 28, 2022, when the Clerk mailed the Report and Recommendation to plaintiffs.  *See* Doc. 7.  Thus, the time for plaintiffs to file objections to the Report and Recommendation expired on March 14, 2022.

Plaintiffs have not filed any objection on or before the date of this Memorandum and Order.  Because plaintiffs have filed no objection to the Report and Recommendation within the time prescribed and have sought no extension of time to file an objection, the court now can accept, adopt, and affirm the Report and Recommendation in its entirety.  And it does so.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."); *see also Garcia v. City of Albuquerque*, 232 F.3d 760, 766–67 (10th Cir. 2000) (explaining under

Fed. R. Civ. P. 72(b) a district court must make a *de novo* determination only for those portions of the report and recommendation to which a party specifically has objected).

After reviewing the Report and Recommendation, the court agrees with the conclusion Judge James reached. The court thus adopts Judge James's recommendation that the district court dismiss plaintiffs' Complaint[2] and deny plaintiff Maria Peter's Motion to Proceed Without Prepayment of Fees as moot.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' Complaint (Doc. 1) is dismissed without prejudice.

**AND IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff Maria Peter's Motion to Proceed Without Prepayment of Fees (Doc. 3) is denied.

**AND IT IS FURTHER ORDERED BY THE COURT THAT**, after reviewing the file *de novo*, the Report and Recommendation issued by United States Magistrate Judge Teresa J. James on February 28, 2022 (Doc. 7), is **ACCEPTED, ADOPTED, and AFFIRMED.** The court dismisses this action.

**IT IS SO ORDERED.**

**Dated this 23rd day of March, 2022, at Kansas City, Kansas.**

                                                  **s/ Daniel D. Crabtree**
                                                  **Daniel D. Crabtree**
                                                  **United States District Judge**

---

[2] This dismissal is without prejudice.